**UNITED STATES BANKRUPTCY COURT**
DISTRICT OF SOUTH DAKOTA
ROOM 211
FEDERAL BUILDING AND U.S. POST OFFICE
225 SOUTH PIERRE STREET
PIERRE, SOUTH DAKOTA 57501-2463

IRVIN N. HOYT
BANKRUPTCY JUDGE

TELEPHONE (605) 224-0560
FAX (605) 224-9020

December 12, 2005

Trustee Lee Ann Pierce
Post Office Box 524
Brookings, South Dakota   57006

    Subject:  Request for additional information.

Dear Trustee Pierce:

    Proposed orders were presented to me recently in three cases. I am unable to enter the orders, however, based on the present records.

    In *In re Wayne L. and Helen M. Paulson*, Bankr. No. 05-40068, you have proposed selling Debtor Helen Paulson's one-third interest in some real property to her mother. First, though you stated in your sale motion that the assessed value of the land is $43,958.00, there was no supporting information that the assessed value approximates the fair market value. Second, you appear to have discounted the $14,652.67 value of Debtor's share to a purchase price of $10,000.00, though no justification for that discount was given. I am hesitant to accept the sale price when Debtors tried to quitclaim their interest back to her mother on the eve of bankruptcy and where her mother did not reserve a life estate on Debtor Helen Paulson's share on which she (the mother) could claim a homestead exemption. Third, the sale motion did not identify any encumbrances on the property, including judgment liens. Please supplement your sale motion with this additional information and serve the supplement on parties in interest, including any encumbrance holders.

    In *In re Joel A. Humpal*, Bankr. No. 05-40048, you have essentially proposed to sell to Debtor some $36,030.00 worth of personal property since the proposed order requests that Debtor turnover cash rather than the personalty itself. Again, as discussed in my August 11, 2005, letter decision, you are essentially selling back to Debtor the estate's interest in his personalty. However, as also noted on August 11, 2005, encumbrances on the property are not addressed, and the proposed order accepts the values placed on the property by Debtor. If, however, you can assure me in writing that Debtor has the cash available to pay you and that the $36,030.00 will be sufficient to pay all claims, including administrative expenses, in full, I will enter the order.

Trustee Lee Ann Pierce
December 12, 2005
Page 2

Finally, your objection to exemptions in *In re James E. Kressman*, Bankr. No. 05-41083, reflects a common problem in several cases where you have mixed turnover issues with exemption issues. A bankruptcy estate retains any equity in property above the amount declared exempt. The bankruptcy estate also retains any interest the debtor has in property not listed at all on Schedule C.[1] If a debtor does not voluntarily release this property of the estate to the case trustee, the trustee should file a turnover motion. 11 U.S.C. § 542(a) and Fed.R.Bankr.P. 9014(a). Any party holding an encumbrance on the subject property should receive notice of the turnover motion since they are a party in interest as defined by Local Bankr. R. 9001-1(3). If a party other than the debtor has possession of this property, the trustee should commence an adversary proceeding to recover it. 11 U.S.C. § 542(a) and Fed.R.Bankr.P. 7001(1).

In contrast, a case trustee should file an objection to exemptions when, typically, one of two things has happened: (1) the debtor declares a larger exemption than he is allowed under the applicable exemption statute; or (2) the property he has declared exempt does not qualify under the exemption statute listed. For example, a debtor who is not the head of a family may declare $4,000.00 worth of personal property exempt under S.D.C.L. § 43-45-4. If the debtor declares $5,320.00 in personalty exempt under § 43-45-4, the case trustee should file an objection to exemptions. Similarly, if a debtor claims a feedlot exempt as his homestead under S.D.C.L. ch. 43-31, the trustee should file an objection to exemptions because the feedlot does not meet the definition of a homestead at § 43-31-2.

In this case, Debtor declared the following property exempt:

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT MARKET VALUE OF PROPERTY, WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---|---|
| 1999 Chevy C1500 | SDCL §43-45-4 | 3,750.00 | 9,000.00 |
| 2005 tax refund | SDCL §43-45-4 | 250.00 | 250.00 |
| 511 E. First Street, Emery, SD | SDCL §§ 43-31-1, 2, 3, 4, 43-45-3 | 5,325.00 | 10,000.00 |
| clothing of debtor | SDCL § 43-45-2 | 125.00 | 125.00 |
| Remmington 22 cal. | SDCL §43-45-4 | 25.00 | 25.00 |
| see attached list of household goods | SDCL §43-45-4 | 715.00 | 715.00 |
| TSP 401K | SDCL § 3-12-115 | 13,200.00 | 13,200.00 |
| Wells Fargo Bank, Mitchell, SD, checking acct #xxxxxx9396 | SDCL §43-45-4 | 150.00 | 150.00 |

---

[1] This is true whether the property is listed on Schedule A or B but not on Schedule C, or not scheduled anywhere.

Trustee Lee Ann Pierce
December 12, 2005
Page 3

Based on this declaration, it appears the objection to exemptions should have been limited to the $890.00 by which Debtor exceeded his allowed exemptions under S.D.C.L. § 43-45-4. A turnover motion should have been filed to obtain possession of the bank statements and vehicle appraisal that you had requested earlier from Debtor. The turnover motion also could have included a request for possession of any bank account funds in excess of $150.00 or any equity in the firearm in excess of $25.00.[2] Finally, if Debtor would not voluntarily surrender his interest in the unscheduled 1993 Oldsmobile and unscheduled tools, that personalty also should have been included in the turnover motion.

Since you still do not appear to have the information you requested to substantiate the value of the two vehicles and the sums in Debtor's bank accounts on the petition date, and since the record does not better describe the unscheduled tools, I am not comfortable signing the proposed order. Were the Court to enter the order in its present form, Debtor could argue that all issues regarding that property have been resolved.

The better course would be for you to file and notice a turnover motion for the vehicle appraisal and bank statements you requested, the unscheduled vehicle and tools, and any equity in the property claimed exempt above the value claimed exempt. Also, please revise the proposed objection to exemption order so that it sustains your objection that Debtor's declared exemptions under § 43-45-4 exceeded his statutory allowance by $890.00. The turnover motion and revised objection to exemption order will give you the information you need and also preserve for the estate any issues regarding possible equity (above the values declared exempt) in the property listed on Schedule C.

I hereby certify that a copy of this document was electronically transmitted, mailed, hand delivered or faxed this date to the parties on the attached service list.

DEC 12 2005

Charles L. Nail, Jr., Clerk
U.S. Bankruptcy Court, District of South Dakota
By /s/

Sincerely,

Irvin N. Hoyt
Bankruptcy Judge

INH:sh
CC: case files (docket originals; serve parties in interest)
    Chambers' correspondence file (case trustee and United States Trustee)
    Assistant U.S. Trustee Bruce J. Gering

---

[2] The same applies to any property that has equity for the estate above the value declared exempt by a debtor. If the debtor will not voluntarily surrender that equity or if he disputes any equity exists, a turnover motion should be filed. If the debtor agrees that equity exists, the case trustee is free to sell it.

Helen Mae Paulson
Wayne Lee Paulson
23812 421st Ave.
Fedora, SD 57337

Joel A. Humpal
41732 301st St
Tyndall, SD 57066-5610

James E. Kressman
811 E. First St.
Emery, SD 57332