UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH DAKOTA
ROOM 211
FEDERAL BUILDING AND U.S. POST OFFICE
225 SOUTH PIERRE STREET
PIERRE, SOUTH DAKOTA 57501-2463

IRVIN N. HOYT
BANKRUPTCY JUDGE

TELEPHONE (605) 224-0560
FAX (605) 224-9020

March 31, 2006

Lee Ann Pierce,
Chapter 7 Trustee
Post Office Box 524
Brookings, South Dakota 57006

David Nadolski, Esq.
Counsel for Beulah Parkinson
Post Office Box 1920
Sioux Falls, South Dakota 57101

Dava A. Wantoch, Esq.
Counsel for Debtors
417 North Main, Suite 103
Post Office Box 434
Mitchell, South Dakota 57301

Subject: *In re Wayne L. and Helen Mae Paulson*,
Chapter 7, Bankr. No. 05-40068

Dear Trustee and Counsel:

The matter before the Court is the Motion for Authorization to Sell Real Property by Private Sale filed by Trustee Lee Ann Pierce, the Court's interim letter decision, and Trustee Pierce's response. This is a core proceeding under 28 U.S.C. § 157(b)(2). This letter decision and accompanying order shall constitute the Court's final findings and conclusions. As set forth below, the sale as presently proposed will not be approved.

*Summary*. Debtors filed a Chapter 7 petition on January 20, 2005. In his schedules, he indicated he did not hold any real property interest. In his Statement of Financial Affairs, he disclosed he had transferred the following interest in real property to Beulah Parkinson on January 14, 2005:

**Undivided 1/3 interest in and
to the E 188 1/2 ft. of Tract 90
of Norton Tract Subdivision in
the S 1/2 of Section 3,
Township 101 N, Range 49,
West of the 5th P.M.,
Minnehaha County, SD
No value received**

Chapter 7 Trustee Lee Ann Pierce filed a Motion for Authorization to Sell Real Estate by Private Sale on November 15, 2005, in which she proposed to sell the above-described interest to Beulah Parkinson, who was identified in the Motion as Debtor Helen Paulson's mother, for $10,000. According to Trustee Pierce, Parkinson was the previous owner of the property; she transferred the land to her three children in 1992 as part of an estate plan; she continued to live on the property; and Debtors quit claimed their one-third interest back to Parkinson on the day before they filed bankruptcy (the deed was recorded post-petition). Trustee Pierce stated the tax-assessed value of the real property was $43,958. She further stated that Parkinson maintains a constructive trust on the real property because she transferred the property to her children with the intent of retaining a life estate, though she failed to expressly reserve that interest in the deed. Finally, Trustee Pierce stated Parkinson offered to purchase Debtors' interest for $10,000.

In it's December 12, 2005, letter to Trustee Pierce, the Court wrote:

> **In *In re Wayne L. and Helen M. Paulson*, Bankr. No. 05-40068, you have proposed selling Debtor Helen Paulson's one-third interest in some real property to her mother. First, though you stated in your sale motion that the assessed value of the land is $43,958.00, there was no supporting information that the assessed value approximates the fair market value. Second, you appear to have discounted the $14,652.67 value of Debtor's share to a purchase price of $10,000.00, though no justification for that discount was given. I am hesitant to accept the sale price when Debtors tried to quitclaim their interest back to her mother on the eve of bankruptcy and where her mother did not reserve a life estate on Debtor Helen Paulson's share on which she (the mother) could claim a homestead exemption. Third, the sale motion did not identify any encumbrances on the property, including judgment liens. Please supplement your sale motion with this additional information and serve the supplement on parties in interest, including any encumbrance holders.**

In response, Trustee Pierce filed on January 30, 2006, a supplement to her sale motion. Therein, she stated she had asked Parkinson's attorney, David Nadolski, to respond to the Court's request for information on how the sale price was determined. Attorney Nadolski stated Parkinson had only deeded the legal title to her children for estate planning purposes. He cited several cases, all outside this Circuit, in support of Parkinson's proposition that the estate had no real interest in the land

because Debtors held only bare legal title that had no tangible economic value for the bankruptcy estate.

Trustee Pierce's response did not address the Court's concerns regarding any encumbrances on the property, how any encumbrances would be handled in the sale, and the fair market value of the property.

*Discussion*. Under nearly identical facts, the Court was presented with the same issue in *In re Kristi L. Theunissen*, Bankr. No. 04-10322, slip op. (Bankr. D.S.D. May 25, 2005) [copy attached]. Depending on what additional facts may be material, it appears the Court would reach a similar conclusion in this case. Accordingly, the Court will deny Trustee Pierce's Motion for Authorization to Sell Real Property by Private Sale without prejudice. The matter should be re-analyzed in light of the *Theunissen* decision. Any future sale motion should include an analysis of the fair market value of the real estate; better justify the proposed sale price; and identify any encumbrances and state how they will be affected by the sale. Even if the ultimate sale price proposed by Trustee Pierce is the same or nearly the same, a better record supporting the price must be made.

An appropriate order will be entered.

Sincerely,

Irvin N. Hoyt
Bankruptcy Judge

INH:sh

Attachment: Copy of *In re Kristi L. Theunissen,* Bankr. No. 04-10322, slip op. (Bankr. D.S.D. May 25, 2005).

CC: case file (docket original; serve parties in interest)

On the above date, a copy of this document was mailed or faxed to the parties shown on the Notice of Electronic Filing as not having received electronic notice and Debtor(s), if Debtor(s) did not receive electronic notice.

Charles L. Nail, Jr.
Clerk, U.S. Bankruptcy Court
District of South Dakota

**NOTICE OF ENTRY**
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered on the date shown above.

Charles L. Nail, Jr.
Clerk, U.S. Bankruptcy Court
District of South Dakota

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH DAKOTA

| | |
|---|---|
| In re: | ) Bankr. No. 04-10322 |
| | ) Chapter 7 |
| KRISTI L. THEUNISSEN | ) |
| Soc. Sec. No. XXX-XX-6537 | ) DECISION RE: TRUSTEE'S |
| | ) MOTION FOR TURNOVER |
| Debtor. | ) |

The matter before the Court is the Motion for Turnover filed by Trustee Forrest C. Allred and the responses thereto filed by Debtor Kristi L. Theunissen and Debtor's mother, Doraine M. Theunissen. This is a core proceeding under 28 U.S.C. § 157(b)(2). This Decision and accompanying order shall constitute the Court's findings and conclusions under Fed.Rs.Bankr.P. 7052 and 9014(c). As set forth below, the Motion will be granted to the extent that Debtor Kristi Theunissen must turn over to the estate the value of her interest in the subject property on the petition date.

I.
SUMMARY.[1]

In 1997, Doraine Theunissen and her son Terry Johnson purchased a home at 1207 South Lawson Street in Aberdeen. The home was purchased with cash; no mortgage existed. Terry Johnson passed away in April 2004. Doraine Theunissen succeeded to his joint tenancy interest, and she became the record sole owner on April 23, 2004. Since June 1997, she has paid the real estate taxes and insurance for the home.

---

[1] The parties stipulated to many of the facts. The others, especially those regarding Debtor's bankruptcy filing, were supplied by the case file.

On June 28, 2004, without the advice of legal counsel, Doraine Theunissen transferred the home to herself and her daughter, Kristi L. Theunissen, as joint tenants with right of survivorship. Doraine Theunissen, who was having significant health problems at the time, made this transfer "for convenience purposes and for the purpose of estate planning and eliminating anticipated probate expenses." Kristi Theunissen never lived in the Lawson Street home, and she did not give her mother any consideration in exchange for her joint tenancy.

Kristi Theunissen ("Debtor") filed a Chapter 7 petition in bankruptcy on November 15, 2004. Her schedule of real property did not include the Lawson Street home.

On November 24, 2004, Doraine Theunissen signed an agreement providing for the sale of the Lawson Street home for $112,500.00. Closing was scheduled for December 17, 2004. On November 24, 2004, Doraine Theunissen also agreed to purchase a home at 808 North State Street in Aberdeen on contract for $74,900.00. She intended to keep the difference to help pay her medical and other living expenses. The State Street home was placed only in Doraine Theunissen's name.

On December 9, 2004, Kristi Theunissen amended her schedule of real property to include the Lawson Street property. She stated on the amendment that she

> contest[ed] the conveyance of the property [to her from her mother]" and that the amended schedule "should not be interpreted as an acceptance of the property. The [joint tenancy deed] was executed by the Debtor's mother as an estate planing tool only, without the Debtor's involvement, and with no consideration exchanged."

On December 9, 2004, case trustee Forrest C. Allred filed a turnover motion seeking Debtor's interest in the Lawson Street home. Both Debtor and Doraine Theunissen objected on the grounds that Debtor had no true ownership or equitable interest in the home. Doraine Theunissen also asked that Trustee Allred be ordered to abandon any interest in the house that the bankruptcy estate had so that she could complete the proposed sale of the home. The matter was submitted on stipulated facts and briefs.

In her briefs, Doraine Theunissen asked the Court to impose an implied trust on the Lawson Street home for her benefit. She cited S.D.C.L. § 55-1-11 and some cases in support of this theory. Debtor joined her mother's arguments on these briefs.

In his briefs, Trustee Allred urged the Court to consider only the recorded deeds and South Dakota law on joint tenancy at S.D.C.L. § 55-1-10, which, he argued, gave Debtor an undivided half interest in the Lawson Street home. Because of the familial relationship between Debtor and her mother, he argued the appropriate inference was that the joint tenancy was a presently intended gift. He also argued that the facts did not support the imposition of a constructive trust.

II.

Property of a bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1).

> The scope of [this Bankruptcy Code section] is broad. It includes all kinds of property, including tangible and intangible property, causes of action . . . and all other forms of property specified in Section 70(a) of the Bankruptcy Act. . . . [I]t includes as property of the estate all property of the debtor, even that needed for a fresh start.

S.Rep. No. 989, 95th Cong., 2d Sess. 823, reprinted in 1978 U.S.Code Cong. & Ad.News 5787, 5868; H.R.Rep. No. 595, 95th Cong., 1st Sess. 367-68 (1977), *reprinted in* 1978 U.S.Code Cong. & Ad.News 6322-24 (cited in *Samore v. Graham (In re Graham)*, 726 F.2d 1268, 1270 (8th Cir. 1984)). Absent controlling federal law, however, state law is used to determine the debtor's interest in a particular type of property on the petition date. *Butner v. United States*, 440 U.S. 48, 54-55 (1979). Thus, the issue presented by Trustee Allred's turnover motion is what interest in the Lawson Street house did Debtor have on the petition date under South Dakota law?

Debtor and her mother have asked the Court to consider imposing a trust or reforming the warranty deed. Both actions are equitable in nature and recognized under South Dakota law.

## IV.
## IMPOSITION OF A TRUST.

Clearly, Doraine Theunissen did not create an express trust of the Lawson Street property naming her daughter as either the trustee or beneficiary. S.D.C.L. §§ 55-1-3 and -4. The circumstances also do not warrant the imposition of a constructive trust since Debtor has not unjustly breached any confidential relationship and promise to her mother regarding the property. In fact, no promise apparently was ever made since Debtor did not participate in the transfer. *Rehfield v. Flemmer*, 269 N.W.2d 804, 807 (S.D. 1978)("'one who has received a conveyance of real property, induced by a confidential relationship, and in consideration of a parol promise to hold the property in trust, will be converted into such a constructive trustee if he unjustly repudiates his promise'")(quoting therein *Schwartzle v. Dale*, 54 N.W.2d 361, 363 (S.D. 1952)).

State law recognizes situations, other than those arising from fraud, when an implied trust may be created. *See* S.D.C.L. §§ 55-1-6 through -10. This equitable tool is used to restore the status quo. *Knock v. Knock*, 120 N.W. 2d 572, 576 (S.D. 1963). For example, "[o]ne who gains a thing by ... mistake . . . is, unless he has some other and better right thereto, an implied trustee of the thing gained for the benefit of the person who would otherwise have had it." S.D.C.L. § 55-1-8. Thus, a court may impose an

implied trust when a mistake on a deed has been made if equity warrants, though the "presumption of law is that an instrument executed with the formality of a deed or contract deliberately entered into expresses on its face its true intent and purpose." *Knock*, 120 N.W.2d at 577. To overcome that presumption and impose an implied trust, the parole evidence must be clear and convincing. *Id.* (cites therein). The court must consider the attendant facts and circumstances of the transfer but it cannot create rights. *Id.* at 576.

Here, there is no evidence that Debtor received the property under any sort of promise to her mother. It is not even clear whether Debtor knew about the transfer before the petition date or understood its legal import. Most important, however, the stipulated facts state Doraine Theunissen intended to make a present transfer of the property to her daughter but only for the limited purpose of protecting the property from probate upon her death. Consequently, returning the parties to the status quo would not reflect Doraine Theunissen's intent, and it would require the Court to completely ignore the transfer that was intended. For those reasons, the facts do not support the imposition of an implied trust of the Lawson Street house exclusively for Doraine Theunissen's benefit.

IV.
REFORMATION.

For a court to reform a warranty deed, a mistake must exist whereby the intent of parties to the deed was not expressed in the language of the deed. S.D.C.L. § 21-11-3; *Essignton v. Buchele*, 115 N.W.2d 129, 131 (S.D. 1962). In making the reformation, the court does not make a new agreement for the parties; it instead "conforms the writing to the antecedent expressions on which the parties agreed." *Id.* (cites therein). The reformable mistake may be a mistake of law where the words of the agreement are as intended by the parties, but the legal effect of the words is not. *Id.* (citing Restatement, Contracts, § 504). The reformation should not prejudice any rights under the deed acquired by third parties in good faith and for value. S.D.C.L. § 21-11-1. Moreover, "courts are properly reluctant to alter the terms of a written engagement even in equity, and do not do so unless the proof is clear and convincing[.]" *Columbian National Life Insurance Co. v. Black*, 35 F.2d 571, 574 (10th Cir. 1929)(quoted in *Bedford v. Catholic Order of Foresters*, 44 N.W.2d 781, 783 (S.D. 1950)).

The evidence of the parties' intent in this instance is very limited. Stipulated fact nos. 25, 37, and 38 provide, in order:

> That the reason Doraine Theunissen signed the deed placing Kristi Theunissen's name on the Lawson Street house was for convenience purposes and for the purpose of estate planning and eliminating anticipated probate expenses.

> That Doraine Theunissen did not intend to make a present gift, and there was no present donative intent on her part to make any gift of the house when she placed Kristi Theunissen's name on the Deed to the Lawson Street property on June 28, 2004.
>
> That Doraine Theunissen did not intend to convey any equitable or beneficial interest in the Lawson Street property to Kristi Theunissen by signing and recording the Deed to the Lawson Street property.

Further, Trustee Allred, Debtor, and Doraine Theunissen stipulated that Debtor did not pay any consideration for her interest in the property.[2]

Three conclusions can be gleaned from these limited, and somewhat incongruous, stipulated facts. First, Doraine Theunissen wanted to eliminate "anticipated" probate expenses regarding the Lawson Street house upon her (Doraine's) death. Second, Doraine Theunissen wanted her daughter to own the Lawson Street property upon her (Doraine's) death. Third, Doraine Theunissen wanted the legal transfer of the house to her daughter to be a simple procedure. Based on this record, therefore, it appears that the deed giving Debtor a present joint tenancy did not express her intent. Instead, Doraine Theunissen actually intended to convey

---

[2] Many of the parties' stipulated facts deal with what happened after Debtor filed bankruptcy, such as Doraine Theunissen's intention to sell the Lawson Street home. The only facts that are material are those that relate to the execution of the warranty deed. *See Butte County v. Gaver*, 49 N.W.2d 466, 468 (S.D. 1951)(rights of parties fixed when contract executed and subsequent circumstances could not create equity that court should recognize).

the house to her daughter Kristi while retaining a life estate for herself. With this type of transfer, the property would stay with Doraine during her life but pass to Debtor upon Doraine's death. Doraine Theunissen's estate's legal costs to place the Lawson Street property in Debtor's name upon Doraine's death would be minimal, and the procedure to do so would be relatively simple. Thus, her intentions in making the transfer to her daughter would all be accomplished.

In contrast, to reform the contract to provide that Debtor did not hold *any* interest in the Lawson Street house on Debtor's petition date would, of course, be contrary to Doraine Theunissen's intent. Thus, it would not be appropriate to reform the deed to eliminate any interest for Debtor on the petition date. Accordingly, the warranty deed giving Debtor Kristi Theunissen a joint tenancy with right of survivorship will be reformed to give Kristi Theunissen a remainder interest following her mother's life estate. Debtor's remainder interest is, therefore, property of this bankruptcy estate that Debtor must turn over. If the parties are unable to agree on the value of that remainder interest on the petition date, a valuation hearing, with appropriate appraisals, will be required. If Debtor cannot reimburse the bankruptcy estate for that value from her post-petition assets, she may want to consider converting her Chapter 7 case to a Chapter 13 case where

the value can be recognized over time through plan payments. *See* 11 U.S.C. § 1325(a)(4).

The Court is sympathetic to the effect Debtor Kristi Theunissen's bankruptcy is having on Doraine Theunissen and her property interests. However, the Court cannot ignore a warranty deed that was freely made by Doraine Theunissen with certain legal expectations, namely to avoid probate costs. *See Knock*, 120 N.W.2d at 577 (clear and convincing evidence required for finding that owner giving warranty deed to daughters actually intended to convey only legal title while he remained the beneficial owner). It would be inequitable to recognize the transfer for only a probate but completely ignore it for all others legal purposes, including this bankruptcy. *See Rehfeld*, 269 N.W.2d at 808 (Porter, J. dissenting).

An appropriate order will be entered.

So ordered this 25th day of May, 2005.

I hereby certify that a copy of this document was electronically transmitted, mailed, hand delivered or faxed this date to the parties on the attached service list.

MAY 25 2005

Charles L. Nail, Jr., Clerk
U.S. Bankruptcy Court, District of South Dakota
By________

BY THE COURT:

Irvin N. Hoyt
Bankruptcy Judge

ATTEST:
Charles L. Nail, Jr., Clerk
By: [signature] Deputy Clerk
(SEAL)

UNITED STATES BANKRUPTCY COURT SEAL

NOTICE OF ENTRY
Under F.R.Bankr.P. 9022(a)
Entered

MAY 25 2005

Charles L. Nail, Jr., Clerk
U.S. Bankruptcy Court
District of South Dakota